**Affirmed and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00807-CR

---

## DAVID LORENZA JOYNER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1278852**

---

## M E M O R A N D U M    O P I N I O N

Appellant David Lorenza Joyner appeals his conviction of state jail felony theft,[1] complaining that the trial court violated his due process right to present a defense by denying his motion for continuance and complaining the evidence was legally insufficient to prove he committed theft. We affirm.

---

[1] Theft is a state jail felony if the offender previously has been convicted two or more times of any grade of theft. Tex. Penal Code § 31.03(e)(4)(D). Appellant previously was convicted twice of theft.

## *Background*

In September 2010, the owner of the shop River Oaks Car and Stereo observed appellant enter the shop through the back door. Appellant was greeted by an employee in the shipping department. After engaging in a conversational exchange with appellant, the employee headed toward the back door to escort appellant out. Appellant acted as if he were going to follow the employee but instead stayed behind, picked up a Nikon camera from a desk, put the camera in his bag, and then proceeded to follow the employee. Another employee came out of the shipping department and blocked appellant's exit, and the first employee turned around. The owner and both employees confronted appellant, who then removed the camera from his bag.[2] Appellant subsequently was arrested for theft.

Appellant represented himself at trial and attempted to elicit testimony from several witnesses that appellant had been asked to clean the shop's parking lot in exchange for $15 and the owner of the adjoining shop had paid appellant $10 for cleaning the adjoining shop's parking lot. Appellant argued the owner of River Oaks Car and Stereo refused to pay appellant and he took the camera as collateral, to be returned when he got paid.[3] The owner and two employees each testified they had not asked appellant to clean the parking lot or promised him payment for any work.[4]

Appellant filed various pretrial motions, including a motion for continuance on the day of trial, which the trial court denied. Appellant pleaded not guilty, and the case was tried to a jury. The jury found appellant guilty and assessed

---

[2] The owner was armed when he confronted appellant.

[3] Appellant did not take the stand. Appellant argued in closing, "[A] witness stated that I said, you all are not getting this camera back until you give me what you owe me."

[4] The officer who arrested appellant wrote in his police report that the shop owner had told the officer appellant sometimes did odd jobs for the shop owner. The shop owner denied this fact at trial.

2

punishment at 15 years' confinement.

## *Discussion*

In two issues, appellant complains the trial court violated his due process right to present a defense by denying his motion for continuance and complains the evidence was insufficient to prove that he committed theft.

## I.     **No abuse of discretion in denying motion for continuance**

In his first issue, appellant argues he was denied the opportunity to present a defense because the trial court denied his motion for continuance seeking time to obtain an expert witness who could investigate and testify as to appellant's mental illness.[5]  Appellant asserts an expert might have presented evidence that appellant did not have the requisite *mens rea* to commit theft.

We review a trial court's ruling on a motion for continuance for abuse of discretion.  *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Nwosoucha v. State*, 325 S.W.3d 816, 825 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).  To establish an abuse of discretion, a defendant must show he was actually prejudiced by the denial of his motion.  *Gallo*, 239 S.W.3d at 764; *Nwosoucha*, 325 S.W.3d at 825.  Speculation will not suffice to obtain reversal for a trial court's failure to grant a continuance.  *See Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006); *Nwosoucha*, 325 S.W.3d at 825.  An appellate court will conclude the trial court's denial of a motion for continuance was an abuse of discretion "only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had."  *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *Nwosoucha*, 325 S.W.3d at 825.  A defendant can ordinarily make such a showing

---

[5] *See Potier v. State*, 68 S.W.3d 657, 664 (Tex. Crim. App. 2002) (acknowledging constitutional right to due process includes right to present a valid defense).

at a hearing on a motion for new trial because only then will he be able to produce evidence regarding what additional information, evidence, or witnesses the defense would have had available if the trial court had granted the motion for delay. *Gonzales*, 304 S.W.3d at 842–43; *Nwosoucha*, 325 S.W.3d at 825-26.

In his motion for continuance, filed on the day of trial, appellant asserted that he needed an expert witness because he

> lost contact with a vital witness who could have testified that during the days (about a week) leading up to the date of the alleged offense and on the offense date[, appellant] was suffering from mental disorders which included but [were] not limited to: hearing voices, seeing visions, major depression/anxiety, and [appellant] was trying to get his medications renewed.

Appellant argued "due to [the loss] of such witness[, his] only alternative [was] to present an expert witness [psychologist] and raise the defense of insanity."[6] The trial court denied the motion on the grounds that appellant previously had represented to the trial court that he would not pursue an insanity defense to the theft charge and the trial court previously had granted appellant's request for a continuance to hire an investigator "to help you get whatever witnesses you needed to get here today."[7]

As an initial matter, we note that appellant argued to the trial court that he

---

[6] The trial court previously had granted appellant's motion for approval of funds to hire an investigator to help locate the missing witness.

[7] The case was initially set for trial on August 31, 2011, at which time appellant presented numerous pretrial motions, including the request for a continuance to hire an investigator. At that hearing, the trial court continued the trial to September 12 but stated,

> [A]s far as the Court's concerned, this is your . . . pretrial motion hearing on the theft case. You've indicated to me that we've covered all of the motions that you have pending. . . . [W]e're not going to do another lengthy pretrial motion hearing on the 12th. . . . So, all your witnesses and everybody needs to be ready to go on the 12th with whatever witnesses and documents that you need on that day.

4

needed an expert to help him present an insanity defense, not to show that he did not intend to commit theft. His *mens rea* argument is being raised for the first time on appeal and thus is waived. *See* Tex. R. App. P. 33.1(a)(1)(A). Regardless, we conclude the trial court did not abuse its discretion in denying appellant's motion for continuance.

Appellant filed a motion for new trial seeking an evidentiary hearing "to adduce facts not otherwise in the record." Appellant complained that he was unable to present expert witnesses at trial and stated, "At an evidentiary hearing on this motion for new trial I can prove how the trial court's failure to grant a continuance denied me . . . Sixth and Fourteenth Amendment Rights . . . ." However, appellant did not explain what evidence he would adduce or what experts he would produce at a hearing on his motion for new trial. The trial court denied appellant's request for a hearing.[8] Both lay and expert testimony concerning mental illness that directly rebuts the particular *mens rea* necessary for the charged offense may be relevant and admissible at trial, *Ruffin v. State,* 270 S.W.3d 586, 595 (Tex. Crim. App. 2008), but appellant did not argue in his motion for new trial that he would have been able to present such evidence through an expert. There is nothing in the record showing the facts appellant expected an expert to prove, and we may not speculate as to what evidence an expert may have presented. *See Renteria*, 206 S.W.3d at 702; *see also Nwosoucha*, 325 S.W.3d at 825-26. The record is also devoid of any evidence that appellant attempted to secure an expert before trial, even though the trial court previously had granted appellant's request for an investigator to help appellant obtain witnesses for trial. *See Nwosoucha*, 325 S.W.3d at 826. Appellant has not established harm in relation to his inability to obtain an expert. *See id*. We overrule appellant's first issue.

---

[8] Appellant also filed an amended motion for new trial on another ground not relevant to this issue. The trial court also denied appellant's request for a hearing on the amended motion.

## II.    Evidence of intent to commit theft

In his second issue, appellant complains the evidence was insufficient to prove that he intended to commit theft because he voluntarily returned the camera. When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see also Nava v. State*, 379 S.W.3d 396, 403 (Tex. App.—Houston [14th Dist.] 2012, pet. granted).  We do not sit as thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Nava*, 379 S.W.3d at 403.  Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638; *Nava*, 379 S.W.3d at 403.  This standard applies equally to both circumstantial and direct evidence. *Isassi*, 330 S.W.3d at 638; *Nava*, 379 S.W.3d at 403.    Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Nava*, 379 S.W.3d at 403.

The State was required to prove beyond a reasonable doubt that appellant "unlawfully appropriate[d] property with intent to deprive the owner of [the] property."  Tex. Penal Code § 31.03(a).  The shop owner testified that he saw appellant take the camera, place it in his bag, and attempt to exit the shop. Appellant relinquished the camera only after being confronted by the shop owner and employees.  Appellant argued he took the camera because the shop owner owed him money and appellant would give the camera back after he got paid.  We

conclude a jury reasonably could have inferred from the evidence presented at trial that appellant intended to deprive the shop owner of the camera. *See Isassi*, 330 S.W.3d at 638 (noting jury must weigh evidence and resolve any conflicts); *Nava*, 379 S.W.3d at 403 (same). We overrule appellant's second issue.

For the above reasons, we affirm the trial court's judgment.


/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).